IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE BYBEL, M.D., | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 09-570 |
| | : | |
| METROPOLITAN LIFE | : | |
| INSURANCE COMPANY; | : | |
| LINCOLN NATIONAL | : | |
| LIFE INSURANCE COMPANY, | : | |
| Defendants | : | |

**O R D E R**

**STENGEL, J.**

**AND NOW**, this    18th    day of November, 2010, it is hereby ORDERED that:

1. A Final Pretrial Conference shall be held on **Friday, March 11, 2011, at 9:30 a.m.**, in the United States District Court station in Reading, located in The Madison Building, 400 Washington Street.

2. All parties shall prepare and file with the Clerk of Court their pretrial memoranda in accordance with this Order and Local Rule of Civil Procedure 16.1(c), as follows:

Plaintiffs - on or before **Friday, February 18, 2011.**

Defendants - on or before **Friday, February 25, 2011.**

In addition to compliance with Local Rule of Civil Procedure 16.1(c), the parties shall include the following in, or attached to, their pretrial memoranda:

    a. A listing of the identity of each expert witness to be called at trial by the party;

    b. a curriculum vitae for each expert witness listed;

    c. a listing of each fact witness to be called at trial with a brief statement of

        the nature of their expected testimony (witnesses not listed may not be called by that party in its case-in-chief);

    d.    an itemized statement of claimant's damages or other relief sought;

    e.    a statement of any anticipated important legal issues on which the court will be required to rule, together with counsel's single best authority on each such issue.

    One copy of the pretrial memoranda shall be filed with the Clerk of Court and two copies shall be sent to chambers.

3.    All motions *in limine* shall be filed on or before **Friday, February 11, 2011.** Responses thereto are due on or before **Friday, February 18, 2011.**

4.    The parties shall file in writing with the Clerk of Court one copy of joint proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury.  The parties shall also file one copy of proposed jury instructions, verdict forms, or special interrogatories on those issues not agreed upon by the parties in their joint submission.  These filings shall be made on or before **Monday, March 7, 2011**.  Jury instructions shall be submitted each on a separate sheet of paper, double spaced, with accurate quotes from and citations to cases and pattern jury instructions where appropriate.  A courtesy copy of these filings shall be submitted to chambers in hard copy, as well as on a disk in WordPerfect format.  The copy may also be sent to chambers *via* electronic mail to carrie_e_evans@paed.uscourts.gov.  Proposed Jury instructions need only be submitted with respect to substantive issues in the case.

5.    No later than three days before the date trial is scheduled to commence, the parties shall file a complete and comprehensive stipulation of uncontested facts pursuant to paragraph (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; the original shall be filed with the Clerk of

Court, and two copies shall be submitted to chambers.

6. At the commencement of trial, the parties shall provide the court with three copies of a schedule of exhibits which shall briefly describe each exhibit. At the trial, the parties shall provide the court with two copies of each exhibit at the time of its first use at trial.

7. This case will be listed for trial as follows:

Jury Selection shall take place on **Monday, March 21, 2011 at 9:30 a.m.** in Courtroom 3B, United States Courthouse, 601 Market St., Philadelphia, PA.

Trial shall commence on **Tuesday, March 22, 2011 at 9:30 a.m.** United States District Court station in Reading**.**

Counsel should consider themselves attached as of this date. This Scheduling Order shall be the only written notice counsel receive of the date this case will be tried.

8. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the adequacy of the qualifications of an expert witness expected to testify; (c) the admissibility for any reason (except relevancy) of any item of evidence expected to be offered, or (d) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 shall set forth separately each such objection, clearly and concisely, in their pretrial memorandum. Such objection shall describe with particularity the ground and the authority for the objection. Unless the court concludes at trial that manifest injustice will result, the court can be expected to overrule any objection offered at trial in respect to any matter covered by (a), (b), (c) and/or (d) above, if the court concludes that the objection should have been made as required by this Order.

9. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered by the court for admission into evidence at trial, unless

stipulated to by all affected parties and approved by the court, or by Order of court so as to avoid manifest injustice.

10. Because a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(3), the court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the court, prior to the commencement of the trial, a copy of the deposition, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a court ruling is necessary.

11. This case is referred to the Honorable Henry S. Perkin, United States Magistrate Judge, for a settlement conference.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.